

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00023-CR

_____

DEBRA ANTHONY, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1721864D

_____

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Debra Anthony attempts to appeal her conviction for driving while intoxicated and felony repetition. *See* Tex. Penal Code Ann. § 49.09. Anthony pleaded guilty to that offense pursuant to a plea-bargain agreement, and the trial court sentenced her in accordance with that agreement to eight years' confinement and an $1,100 fine, with the confinement suspended and Anthony placed on community supervision for five years. Under the written plea admonishments that were signed by Anthony, Anthony waived her right to appeal. Specifically, through those written plea admonishments, Anthony stated, "I give up and waive any and all rights of appeal in this case." Anthony also stated, "I give up and waive all pretrial motions that may have been filed in my case." Consistent with Anthony's plea-bargain agreement, the "Trial Court's [Amended] Certification of Defendant's Right of Appeal" in this case reflects that this "is a plea-bargain case, and the defendant has NO right of appeal."[1] *See* Tex. R. App. P. 25.2(a)(2), (d).

On February 23, 2023, we notified Anthony of the amended certification and warned her that we would dismiss the appeal unless we received a response by

---

[1]The trial court initially signed a certification in which boxes were marked to indicate that (1) this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal"; and (2) this "is a plea-bargain case, and the defendant has NO right of appeal." The trial court later amended that certification, scratching out the box that had been marked to indicate that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal."

March 6, 2023, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. While Anthony filed a response, it does not show grounds for continuing the appeal.[2] In accordance with the trial court's amended certification, we dismiss Anthony's appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see, e.g.*, *Hubatch v. State*, No. 02-22-00153-CR, 2022 WL 4105417, at *1 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op., not designated for publication).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 22, 2023

---

[2]In her response, Anthony claims that she intended to retain "the right to appeal matters that were raised in written form and ruled on by the trial court prior to the plea" and that taking away her right to appeal would render her plea involuntary. We disagree. As noted above, in the written plea admonishments, Anthony specifically stated that she was giving up and waiving "all rights of appeal in this case" and "all pretrial motions that may have been filed in [her] case." And there is nothing in the record—no reporter's record was made of Anthony's plea—to indicate that those written waivers were not made voluntarily. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that a valid waiver of appeal will prevent a defendant from appealing without the trial court's consent); *Connella v. State*, No. 2-06-360-CR, 2006 WL 3751406, at *1 (Tex. App.—Fort Worth Dec. 21, 2006, no pet.) (per curiam) (mem. op., not designated for publication) (rejecting appellant's argument that he should be able to appeal matters raised by pretrial motions and ruled upon prior to trial where he signed a written waiver in which he "not only waived his right to appeal but also gave up and waived all pretrial motions that may have been filed in connection with his case").